IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

Rubi Real,  )
  )
    Plaintiff,  )
  )
v.  )
  )    Civil Action No.
El Nopalito Mexican Grill, Inc.;  )
Jessica Guzman, *individually*;  )    3:22cv119-NBB-RP
and Sergio Guzman, *individually*,  )
  )
    Defendants.  )

## VERIFIED COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Rubi Real (hereinafter, "Plaintiff" or "Ms. Real"), by and through counsel, and for her Complaint against Defendants El Nopalito Mexican Grill, Inc., Sergio Guzman and Jessica Guzman (hereinafter, collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of FLSA, 29 U.S.C. § 201, *et seq.*

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; overtime

compensation for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Rubi Real is an adult resident of Holly Springs, Mississippi.

6. Upon information and belief, Defendant Sergio Guzman is an adult resident of Pontotoc, Mississippi.

7. Upon information and belief, Defendant Jessica Guzman is an adult resident of Pontotoc, Mississippi.

8. Defendant El Nopalito Mexican Grill, Inc. is a Mississippi-based corporation and may be reached for service through its registered agent, John Max Edwards, Esq., 50 Liberty Street, Pontotoc, Mississippi, 38863.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10. Defendant El Nopalito Mexican Grill, Inc. is a legal entity incorporated in the State of Mississippi, is subject to service of process in Mississippi, and does business in the state of Mississippi. Therefore, this Court has personal jurisdiction over Defendant El Nopalito Mexican Grill, Inc.

11. Defendant Sergio Guzman is a resident of Mississippi and, consequently, this Court has personal jurisdiction over him.

Doc ID: 65f1c4b1dd8d3c967b681764a8e2ce2a8aa541c7

12. Defendant Jessica Guzman is a resident of Mississippi and, consequently, this Court has personal jurisdiction over her.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

14. Upon information and belief, Defendants Jessica Guzman and Sergio Guzman, through the corporate entity, El Nopalito Mexican Grill, Inc., jointly own and operate a Holly Springs, Mississippi, restaurant under the name El Nopalito Mexican Grill.

15. On or about July 1, 2021, Defendants hired Plaintiff Rubi Real to work as a cashier at the El Nopalito Mexican Grill.

16. For the duration of Ms. Real's employment, she worked on average fifty hours per week.

17. For the duration of her employment, Defendants paid Ms. Real $10.00 per hour for all hours worked, including hours worked over forty in a work week.

18. When Ms. Real complained about the lack of overtime pay, she was dismissively told "this is how it is."

19. Although she regularly worked more than forty hours each work week, Defendants never paid Ms. Real overtime premiums for overtime hours worked.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Ms. Real realleges and incorporates all allegations above as if actually set forth herein.

21. At all relevant times, Defendant El Nopalito Mexican Grill, Inc. was an "employer" engaged in interstate "commerce" consistent with the definitions of the FLSA, 29 U.S.C. § 203(s).

22. At all relevant times, Defendants Sergio Guzman and Jessica Guzman were "employers" consistent with the definitions of the FLSA, 29 U.S.C. §203(d).

23. At all relevant times, Defendants "employed" Ms. Real within the meaning of the FLSA, 29 U.S.C. § 203(g).

24. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

25. At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

26. At all relevant times, Plaintiff was entitled to an overtime premium at a rate of not less than one-and-one-half times her regular rate of pay for work performed in excess of forty hours in a work week.

27. Plaintiff regularly worked more than forty hours per week.

28. When Plaintiff Rubi Real explicitly requested appropriate overtime pay, Defendants denied this request because "this is how it is."

29. Defendants thus willfully failed and refused to pay Plaintiff an overtime premium for all hours worked over forty in any given work week.

30. As a result of Defendants' failure to compensate Plaintiff at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

31. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. The foregoing conduct, as alleged, also fails to meet the standard of good faith

Doc ID: 65f1c4b1dd8d3c967b681764a8e2ce2a8aa541c7

compliance with the FLSA within the meaning of 29 U.S.C. § 260.

33. Ms. Real has been damaged by these violations of the FLSA by Defendants and are owed just compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rubi Real prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/John B. Turner
Alan G. Crone, TN Bar No. 014285
Jack Turner, MS Bar No. 101314
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
jturner@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

5

## DECLARATION AND VERIFICATION

I, **Rubi Real**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Rubi Real*

**Rubi Real**

Date: 06 / 23 / 2022

Doc ID: 65f1c4b1dd8d3c967b681764a8e2ce2a8aa541c7